UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL PATRICK JOLIVETTE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　　　Defendant. | No.  2:13-cv-1882 LKK DAD PS<br><br><br>ORDER |

　　　　　Plaintiff, Paul Jolivette, is proceeding in this action pro se.  This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

　　　　　Plaintiff commenced this action on September 11, 2013, by filing a Request for Registration of Foreign Judgment and submitting a check to the Clerk of this Court in the amount of the required filing fee.  On that same date plaintiff also had issued a summons to California Attorney General Kamala D. Harris and the People of the State of California requiring the filing of answer.  (Doc. No. 3.)  However, plaintiff later placed a stop payment on his check. Accordingly, on September 25, 2013, the undersigned ordered plaintiff to pay the required filing fee, plus the penalty incurred as a result of the stop payment placed on the original filing fee check by plaintiff, within twenty one days of the date of that order.  (Doc. No. 4.)  On October 3, 2013, plaintiff filed a motion to proceed in forma pauperis.  (Doc. No. 5.)

Plaintiff's in forma pauperis application makes the showing required by 28 U.S.C. § 1915(a)(1). However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)). See also Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis."). Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

Moreover, jurisdiction is a threshold inquiry that must precede the adjudication of any case before the district court. Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988). Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal law. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992). "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)).

Lack of subject matter jurisdiction may be raised by the court at any time during the proceedings. Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th

1  Cir. 1996).  A federal court "ha[s] an independent obligation to address sua sponte whether [it]
2  has subject-matter jurisdiction." <u>Dittman v. California</u>, 191 F.3d 1020, 1025 (9th Cir. 1999).  It is
3  the obligation of the district court "to be alert to jurisdictional requirements." <u>Grupo Dataflux v.</u>
4  <u>Atlas Global Group, L.P.</u>, 541 U.S. 567, 593 (2004).  Without jurisdiction, the district court
5  cannot decide the merits of a case or order any relief.  See <u>Morongo</u>, 858 F.2d at 1380.

6        The burden of establishing jurisdiction rests upon plaintiff as the party asserting
7  jurisdiction.  <u>Kokkonen</u>, 511 U.S. at 377; <u>see</u> <u>also</u> <u>Hagans v. Lavine</u>, 415 U.S. 528, 543 (1974)
8  (acknowledging that a claim may be dismissed for lack of jurisdiction if it is "so insubstantial,
9  implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy
10 within the jurisdiction of the District Court"); <u>Bell v. Hood</u>, 327 U.S. 678, 682-83 (1946)
11 (recognizing that a claim is subject to dismissal for want of jurisdiction where it is "wholly
12 insubstantial and frivolous" and so patently without merit as to justify dismissal for lack of
13 jurisdiction ); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) (holding that even
14 "[a] paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction
15 . . . and may be dismissed sua sponte before service of process.").

16       Pursuant to 28 U.S.C. § 1963 a judgment in an action to recover money or
17 property entered in any court of appeals, district court, bankruptcy court, or in the Court of
18 International Trade may be registered in any other district court.  "It has been stated that the
19 district court in which the judgment is registered has power . . . to determine matters that are
20 germane to registration and enforcement, such as whether the judgment is registerable . . . ."
21 <u>Tommills Brokerage Co. v. Thon</u>, 52 F.R.D. 200, 202 (D. P.R. 1971).

22       Here, plaintiff is attempting to register with this court a judgment purportedly
23 issued from the "Shaykamaxum Grand/Supreme Court." (Doc. No. 1 at 2.)  There is no
24 indication that such a government exits or is recognized by the United States.  See <u>LaSalle Bank</u>
25 <u>Natl. Assoc. v. Johnson</u>, No. 3:12-1030, 2012 WL 6628940, at *2 (M.D. Tenn. Nov. 29, 2012)
26 ("Although, . . . Ms. Hatshipsue makes various references to being a diplomat and official of the
27 Shaykamaxum Atlanexem Republic, there is no indication that such a government exists or is
28 /////

recognized by the United States, such as to make this a case involving a federal question."). Accordingly, it appears that the court lacks jurisdiction over this action.

In light of plaintiff's pro se status and in the interests of justice, the court will provide plaintiff with an opportunity to show good cause as to why this action should not be dismissed for lack of subject matter jurisdiction.

Accordingly, the court HEREBY ORDERS that:

1. The summons issued on September 11, 2013, (Doc. No. 3) is quashed; and

2. Plaintiff shall show cause in writing within twenty one days of the date of this order why this case should not be dismissed for lack of subject matter jurisdiction. Failure to timely file the required writing will result in a recommendation that this case be dismissed.

Dated: October 7, 2013

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\jolivette1882.osc.docx