UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL PATRICK JOLIVETTE,

        Plaintiff,

   v.

PEOPLE OF THE STATE OF CALIFORNIA,

        Defendant.

No.  2:13-cv-1882 LKK DAD PS

FINDINGS AND RECOMMENDATIONS

        Plaintiff, Paul Jolivette, is proceeding in this action pro se.  This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

        Plaintiff commenced this action on September 11, 2013, by filing a Request for Registration of Foreign Judgment and submitting the required filing fee to the Clerk of this Court. (Dkt. No. 1.)  However, plaintiff later placed a stop payment on his filing fee check. Accordingly, on September 25, 2013, the undersigned ordered plaintiff to pay the required filing fee, plus the penalty incurred as a result of the stop payment placed on the original filing fee check by plaintiff, within twenty one days of the date of that order.  (Dkt. No. 4.)  On October 3, 2013, plaintiff filed a motion to proceed in forma pauperis.  (Dkt. No. 5.)

        On October 7, 2013, the undersigned ordered plaintiff to show cause in writing within twenty-one days as to why this action should not be dismissed due to lack of subject matter

1

1  jurisdiction.  (Dkt. No. 6.)  In doing so, the undersigned noted that plaintiff was attempting to
2  register with this court a judgment purportedly issued from the "Shaykamaxum Grand/Supreme
3  Court", (Dkt. No. 1 at 2), and that there is no indication that such a government exits or is
4  recognized by the United States.  See LaSalle Bank Natl. Assoc. v. Johnson, No. 3:12-1030, 2012
5  WL 6628940, at *2 (M.D. Tenn. Nov. 29, 2012) ("Although, . . . Ms. Hatshipsue makes various
6  references to being a diplomat and official of the Shaykamaxum Atlanexem Republic, there is no
7  indication that such a government exists or is recognized by the United States, such as to make
8  this a case involving a federal question.").

9         On October 23, 2013, plaintiff filed an "AFFIDAVIT OF SPECIFIC NEGATIVE
10  AVERMENT IN RESPONSE . . . ." (Dkt. No. 7.)  Therein, plaintiff makes repeated assertions
11  that "[t]here is no evidence" of a stated legal issue and concludes by providing the court "ten (10)
12  days from receipt of this Commercial Affidavit of Specific Negative Averment . . . to respond on
13  a point-by-point basis," warning that "[f]ailure to respond will be deemed agreement with the
14  facts stated in the enclosed Commercial Affidavit and an inability to prove your claim." (Id. at 1-
15  4.)  Plaintiff's filing, however, fails to address in any way why this action should not be dismissed
16  due to lack of subject matter jurisdiction.[1]

17         Jurisdiction is a threshold inquiry that must precede the adjudication of any case
18  before the district court.  Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858
19  F.2d 1376, 1380 (9th Cir. 1988).  Federal courts are courts of limited jurisdiction and may
20  adjudicate only those cases authorized by federal law.  Kokkonen v. Guardian Life Ins. Co., 511
21  U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992).  "Federal courts are
22  presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'"  Casey
23  v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475
24  U.S. 534, 546 (1986)).

25         Lack of subject matter jurisdiction may be raised by the court at any time during
26  the proceedings.  Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th

---

[1] After filing the AFFIDAVIT OF SPECIFIC NEGATIVE AVERMENT IN RESPONSE, plaintiff filed a motion for default judgment.  (Dkt. No. 10.)

1   Cir. 1996).  A federal court "ha[s] an independent obligation to address sua sponte whether [it]
2   has subject-matter jurisdiction."  Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999).  It is
3   the obligation of the district court "to be alert to jurisdictional requirements."  Grupo Dataflux v.
4   Atlas Global Group, L.P., 541 U.S. 567, 593 (2004).  Without jurisdiction, the district court
5   cannot decide the merits of a case or order any relief.  See Morongo, 858 F.2d at 1380.

6             The burden of establishing jurisdiction rests upon plaintiff as the party asserting
7   jurisdiction.  Kokkonen, 511 U.S. at 377; see also Hagans v. Lavine, 415 U.S. 528, 543 (1974)
8   (acknowledging that a claim may be dismissed for lack of jurisdiction if it is "so insubstantial,
9   implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy
10  within the jurisdiction of the District Court"); Bell v. Hood, 327 U.S. 678, 682-83 (1946)
11  (recognizing that a claim is subject to dismissal for want of jurisdiction where it is "wholly
12  insubstantial and frivolous" and so patently without merit as to justify dismissal for lack of
13  jurisdiction ); Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) (holding that even
14  "[a] paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction
15  . . . and may be dismissed sua sponte before service of process.").

16            Here, plaintiff has failed to adequately allege, let alone establish, that this court has
17  subject matter jurisdiction over this action.  Moreover, plaintiff was specifically ordered to
18  address this issue by the court and has failed to do so.  Accordingly, it appears clear that the court
19  lacks jurisdiction over this action.

20            The undersigned has carefully considered whether plaintiff may amend his
21  pleading to properly allege subject matter jurisdiction.  "Valid reasons for denying leave to amend
22  include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg. Prod. v.
23  Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake Pharm. Ass'n
24  v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to
25  amend shall be freely given, the court does not have to allow futile amendments).  In light of the
26  obvious deficiency found in plaintiff's filing and plaintiff's inability and unwillingness to cure
27  this defect when given an opportunity, the court finds that it would be futile to grant plaintiff
28  leave to amend.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's October 5, 2013 application to proceed in forma pauperis (Dkt. No. 5) be denied;

2. Plaintiff's November 21, 2013 motion for default judgment (Dkt. No. 10) be denied; and

3. This action be dismissed due to lack of subject matter jurisdiction.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 4, 2013

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\jolivette1882.dism.f&rs.docx

4